IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| MELISSA M. SCHMITTOU, | : | Case No. 1:21-cv-556 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| THE CINCINNATI LIFE INSURANCE COMPANY, | : | |
| Defendant. | : | |

### ORDER GRANTING IN PARTING AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (Doc. 6)

This matter is before the Court on Defendant The Cincinnati Life Insurance Company's Motion to Dismiss. (Doc. 6.) Plaintiff filed a response in opposition (Doc. 7), to which Defendant filed a reply (Doc. 8). Thus, the matter is ripe for review. For the following reasons, Defendant The Cincinnati Life Insurance Company's Motion to Dismiss is **GRANTED IN PART and DENIED IN PART.**

### FACTS

Plaintiff Melissa Schmittou ("Plaintiff") brought this action against Defendant The Cincinnati Life Insurance Company ("CLIC"), claiming that she is entitled to the proceeds of her ex-husband's, Timothy Schmittou ("Decedent"), group life insurance policy (the "Policy") issued by CLIC following his death on June 18, 2021. (Complaint ("Compl."),

Doc. 1, Pg. ID 1-2.) The Policy is an Employee Retirement Income Security Act ("ERISA") plan provided to Plaintiff's ex-husband as a benefit of his employment with CLIC. (*Id.*) Plaintiff alleges that she was the beneficiary of the Policy. (*Id.*) However, at the time of Decedent's death, he was married to Pamela Schmittou, who is not a party in this litigation. (*Id.*) Plaintiff alleges that Pamela Schmittou is not a beneficiary of the Policy and is not entitled to the Policy's benefits. (*Id.*)

CLIC filed an interpleader action in the Court of Common Pleas of Hamilton County, Ohio against Plaintiff and Pamela Schmittou on July 22, 2021. (Complaint in Interpleader Filed in Hamilton County Common Pleas ("Interpleader Compl."), Doc. 6, Pg. ID 49.) The Interpleader Complaint alleged that both Plaintiff and Pamela Schmittou claimed to be entitled to the proceeds of the Policy. (*Id.* at 52.) Plaintiff filed an Answer to CLIC's Interpleader Complaint and Counterclaim on August 23, 2021. (Answer to CLIC's Interpleader Complaint ("Answer to Interpleader Compl."), Doc. 6, Pg. ID 85.) Similar to Plaintiff's Complaint in this Court, Plaintiff's counterclaim alleged that she was the sole primary beneficiary to the Policy and was entitled to the proceeds of the Policy. (*Id.* at 87-88.)

Then, on August 27, 2021, Plaintiff filed the Complaint in this action. (*See* Compl., Doc. 1.) CLIC filed its Motion to Dismiss on October 25, 2021, claiming the defense that Plaintiff failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (*See* CLIC Motion to Dismiss, Doc. 6.) The following day, on October 26, 2021, Plaintiff voluntarily dismissed her counterclaim without prejudice, pursuant to Ohio Rev. Code 41(A)(1) and 41(C), in state court. (Plaintiff's Notice of Dismissal of Counterclaim without

2

Prejudice, Doc. 7-1, Pg. ID 92.) Plaintiff then filed her Response in Opposition to CLIC's Motion on October 27, 2021, claiming that CLIC's Motion to Dismiss is moot because Plaintiff voluntarily dismissed her counterclaim against CLIC in Hamilton County Common Pleas. (Response in Opposition ("Response in Opp."), Doc. 7, Pg. ID 90.)

## LAW & ANALYSIS

CLIC does not argue that Plaintiff failed to state a claim for relief but, rather, that this Court should abstain from exercising jurisdiction over Plaintiff's claim pursuant to *Colorado River* abstention. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Generally, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813. However, in the interest of judicial economy, a court may abstain from exercising jurisdiction in cases of concurrent jurisdiction with state courts when taking into consideration "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817 (quotations omitted).

The first step in determining whether a federal district court may abstain from exercising jurisdiction over a case properly before it is to determine whether federal and state proceedings are "parallel." *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). For proceedings to be considered parallel, "[t]he state court proceedings need not be identical, merely substantially similar." *Bates v. Van Buren Tp.*, 122 F.App'x 803, 806 (6th Cir. 2004) (quotations omitted). In this matter, Plaintiff's claims are substantially similar to the claims before the state court. Plaintiff contends to be entitled to the proceeds of the Policy issued by CLIC. CLIC filed the state court action to determine who is entitled

3

to the Policy proceeds, Plaintiff or Pamala Schmittou. Thus, the cases are parallel.

Once a court determines that there are parallel state proceedings, the court must "next examine whether judicial economy warrants abstention." *Bates*, 122 F.App'x at 807. "The Supreme Court has identified eight factors, four in *Colorado River* and four in subsequent decisions, that a district court must consider when deciding whether to abstain from exercising its jurisdiction due to the concurrent jurisdiction of state court." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001). These eight factors are:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; … (4) the order in which jurisdiction was obtained[;] … (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Id.*

"These factors, however, do not comprise a mechanical checklist." *Romine*, 160 F.3d at 341. "Rather, they require a careful balance of the important factors as they apply in a give[n] case depending on the particular facts at hand." *Id.* (quotations omitted).

If the Court finds, after balancing the above factors, that these factors weigh in favor of abstention pursuant to the precedent of *Colorado River*, dismissal is not warranted pursuant to the Sixth Circuit precedent. That is, in *Bates*, the Sixth Circuit Court of Appeals ". . . join[ed] other circuits in requiring a stay of proceedings rather than a dismissal in *Colorado River* abstention cases." 122 F.App'x at 809. Thus, the ultimate question before this Court is whether a stay of the proceedings is appropriate in the matter currently before the Court.

CLIC argues that the Court should abstain from exercising jurisdiction for two reasons. First, CLIC argues that both parties originally chose Hamilton County Common Pleas as the forum for this action. Second, CLIC argues that the eight factors outlined above weigh in favor of this Court abstaining from exercising jurisdiction over this case. Plaintiff argues, in her single page Response in Opposition, that because she dismissed her counterclaim without prejudice in the state court proceeding, CLIC's motion is moot and should be denied. However, she fails to address whether this Court should abstain from exercising jurisdiction when weighing the *Colorado River* factors. Despite Plaintiff's failure to address the factors, the Court considers each in turn.

First, as far as this Court is aware, the state court has not assumed jurisdiction over res or property. CLIC argues that "CLIC has requested it be allowed to deposit the policy proceeds into the registry of the state court and that request is pending." (CLIC Motion to Dismiss, Doc. 6, Pg. ID 45.) CLIC has not informed the Court whether such request was granted. Therefore, the first factor weighs in favor of exercising jurisdiction.

Second, this federal forum is neither more nor less convenient than the Hamilton County Common Pleas forum, where the state action is currently pending. Plaintiff resides in Hamilton County, and this District sits in Hamilton County. (Interpleader Compl., Doc. 6, Pg. Id 51.) CLIC has its principal place of business in Butler County, Ohio, which is also located within the geographical area served by this seat of court. (Id. at 50.) In addition, Butler County borders Hamilton County. (*Id.*) Thus, the federal forum is neither more nor less convenient for either party, weighing neither for nor against abstention.

5

Exercising jurisdiction, on the other hand, would create piecemeal litigation, a factor weighing heavily in favor of abstention. Both Plaintiff and Pamela Schmittou claim to be entitled to the Policy proceeds. However, Pamela Schmittou is not a party to this litigation. If this Court exercises jurisdiction, CLIC would be required to pursue its interpleader claim in state court while also defending against Plaintiff's claim here. In addition, any determination by the state court would have a direct effect on this case, and any holding by this Court would have a direct effect on the claims before the state court. Furthermore, should this Court rule in favor of Plaintiff, and the state court rule in favor of Pamela Schmittou, not only would the action be subject to piecemeal litigation, it is foreseeable that piecemeal outcomes could be in direct conflict with one another.

Considering the factor regarding the order in which jurisdiction was obtained by the two forums, CLIC filed the Interpleader Complaint on July 22, 2021. (Interpleader Compl., Doc. 6, Pg. ID 49.) Plaintiff filed her Answer and Counterclaim to the Interpleader Complaint on August 23, 2021. (Answer to Interpleader Compl."), Doc. 6, Pg. ID 85.) Afterwards, she filed the instant action. (Compl., Doc. 1, Pg. Id 1.) In other words, not only was CLIC's interpleader complaint filed before this action, Plaintiff also invoked the jurisdiction of the state court by filing her Counterclaim in that court prior to filing this action. Thus, the state court first obtained jurisdiction, a factor in favor of this Court abstaining from exercising its concurrent jurisdiction.

Next, because the source of governing law here is federal, one may conclude that this court should exercise jurisdiction. However, the state court action would adequately protect Plaintiff's rights, because it enjoys concurrent jurisdiction with federal courts in

6

ERISA actions such as this. Thus, the Court finds that the sixth factor weighs in favor of abstention.

Due to the lack of information on the state proceedings' progress, the Court cannot determine whether the seventh factor weighs in favor of or against abstention. CLIC claims that the defendants in the state court proceeding had been served prior to CLIC filing its Motion to Dismiss. CLIC also claims that the state court scheduled a "management conference" for October 26, 2021. (CLIC Motion to Dismiss, Doc. 6, Pg. ID 45.) However, no further information on the progress of the state proceeding has been provided to the Court. Therefore, this Court is unable to determine whether this factor weighs in favor of or against abstention.

Lastly, the eighth factor weighs in favor of abstention, because "[s]tate courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction" of actions brought pursuant to 29 U.S.C. § 1132(a)(1)(b). Thus, state courts, such as Hamilton County Common Pleas, has concurrent jurisdiction over this cause of action, because Plaintiff brought this claim pursuant to 29 U.S.C. § 1132(a)(1)(b).

In conclusion, the Court hereby finds that, in total, the factors set forth in *Colorado River* weigh in favor of this Court abstaining from exercising its concurrent jurisdiction with the jurisdiction of the state court. Nonetheless, a stay of proceedings rather than dismissal is appropriate pending the conclusion of the proceedings before the Hamilton County Court of Common Pleas.

## CONCLUSION

For the foregoing reasons, Defendant The Cincinnati Life Insurance Company's Motion to Dismiss (Doc. 6) is **GRANTED IN PART and DENIED IN PART.** Rather than dismissal, the action is **STAYED** pending the outcome of the Ohio state court action.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND